## RATHBUN v. MAJEWSKI.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

APPEAL—WEIGHT OF EVIDENCE.
When the evidence presents a direct conflict, the verdict will not be set aside as against the weight of evidence.

Appeal from trial term, New York county.

Action by Milton Rathbun against Anton Majewski. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

Edward S. Johnston, for appellant.
George Ryall, for respondent.

PARKER, J. This action was brought to recover the sum of $254.32, the agreed price of hay and oats which the plaintiff claims to have sold to the defendant. The answer denied any agreement on the part of the defendant to pay for the hay and oats. It appeared without dispute upon the trial that Conklin was the owner of the contents of a livery stable, at which the hay and oats were delivered; that this defendant was the holder of the first and third

chattel mortgages thereon, aggregating in amount about the sum of $7,000; and that he sought out Frank J. Lennon, an employé of the plaintiff, asking him his price for hay and oats. The result of the conversation was the delivery of a quantity of both hay and oats at Conklin's stable. As to the nature of that conversation, Lennon, plaintiff's employé, and the defendant, differ very widely. Lennon testified that at the interview brought about by the defendant, which took place at his office in Goerck street, inquiry was made as to his price for hay, and that, when he made answer, the defendant said: "That is considerable less than I am paying. This man that has been supplying me with hay has been robbing me, charging me $1.10, and your price is only ninety-five cents." He further testified that, in the course of that conversation, the defendant gave him as a reason for running Conklin's stable "that he had a first mortgage on the stock, and also a third mortgage, and he said he found out from investigating things that the employés of Mr. Conklin were robbing him, and, if they continued to rob him, that he would never be able to get his money out of it, and he said, 'For that reason I have taken charge,' and he says, 'I am going to see that there is no stealing done, and I am going to buy things from whom I can buy them the cheapest. Come down every two weeks for everything you sell, and I will pay you your money.' He took off the file in his office, and showed me the feedman's bill for the previous two weeks, receipted." Lennon also asked the defendant for his name and address, and he testified that the defendant tore off a bill from a pad lying on the desk, and said, "Make out a bill for me, and send me the feed to the stable in Mangan street, and send me the bill, and about every two weeks come down here, and get your money." Lennon testified that he followed the defendant's directions, and that hay and oats of the value claimed in the complaint were delivered from time to time, and after each delivery bills were sent to the defendant as requested, but no part thereof was paid. When payment was finally insisted upon, the defendant claimed that collection must be made from Conklin, or not at all. If Lennon states the conversation and transactions correctly, the plaintiff's right to recover was clear.

The defendant, while not disagreeing with the plaintiff's witness as to the manner in which they came to meet, or as to which one introduced the subject of buying hay for Conklin's stable, denies having had such a conversation with Lennon as he testifies to, or that he was the purchaser, or intended to be the purchaser, or that in words or substance he agreed to purchase of him hay and oats for Conklin's stable. From his testimony it appears that he would have had the jury believe that he not only did not purchase the merchandise of the plaintiff, but that he cautioned plaintiff's employé that Mr. Conklin was slow pay, and that after such caution, to prevent any possible misunderstanding, he added, "I told him he would have to look out for his money from Mr. Conklin." If the defendant's story was true, the plaintiff was not entitled to recover. Thus, an issue of fact was presented, which was submitted to the jury in a charge by the court to which no exception was taken, and their

verdict was for the plaintiff. As no errors were committed by the
court, the verdict must stand, unless against the weight of evidence,
and we have no hesitation in deciding that it was not.

The judgment should be affirmed, with costs. All concur.